[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On November 15, 1995, the plaintiff, M. Merriam March, filed a three count derivative complaint against the Glastonbury Bank Trust Co. and a number of individual officers and directors of the bank alleging generally negligence and breach of fiduciary duty in failing to accept an acquisition offer by another bank.
March alleges that she is a shareholder of the bank and fairly and adequately represents the interests of the Bank and its shareholders.
On January 19, 1996, the individual defendants filed a motion to dismiss the derivative complaint on the grounds that the plaintiff lacks standing to bring this shareholder derivative action on behalf of Glastonbury Bank Trust Company because she is not a shareholder of the Bank as required by General Statutes § 52-572j, and because she does not fairly and adequately represent the interests of shareholders similarly situated to her. The motion was accompanied by the following documents: (1) a memorandum of law, (2) the affidavits of the defendants, Harvey A. Katz and J. Gilbert Soucie; (3) a copy of the legal notice published by the plaintiff, (4) the minutes from several meetings of the Board, (5) a copy of the Bank's proxy list, (6) a copy of the Daily Transfer Journal of the Bank; (7) a letter sent from the defendant, J. Gilbert Soucie, to Margaret Villani, Vice President of the Registrar and Transfer Company; (8) a letter sent from the Registrar and Transfer Company to the defendant, Soucie, and (9) a draft of the derivative complaint, naming Henry J. Stone as plaintiff.
On March 13, 1996, March filed her own affidavit in opposition to the motion to dismiss, accompanied by a receipt CT Page 5118-UUU from Advest for her shares in the Bank, a letter from Advest to March's attorney explaining the ownership of the shares in question, and a statement of March's investment account at Advest. March also submitted the affidavit of her husband, Henry J. Stone, along with an article from The HartfordCourant, entitled "Bank Director Resigns to Protest Lack of Sale," and a copy of the complaint from the companion case ofStone v. Andreo, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 555509, Wagner, J.
 I.
The defendants claim that March lacks standing to bring this action because she is not a shareholder of the Bank. They contend that although March was a shareholder when the acts complained of occurred, she was not a shareholder at the time she commenced this action. Accordingly, they argue that March lacks standing pursuant to General Statutes § 52-572j and the cases which interpret the statute.
March maintains that she was a shareholder when the injury occurred and that she is still a shareholder, because although she has sold some of her shares, she has not sold all of her shares. She contends that in April of 1995, she opened a brokerage account at Advest, Inc., at which time she gave her stock broker possession of her shares in the Bank. She argues that in May, 1995, Advest transferred her shares into "street name" shares, and that while the shares are now held in the street name of "Cede Co", which is an entity affiliated with the Depository Trust Company of New York, she has remained the owner of the shares "continuously and uninterruptedly" since September, 1994.
Assuming that March has maintained at least a beneficial interest in certain shares of the Bank from the time of the alleged wrongdoings "continuously and uninterruptedly" until now, it is not clear whether that beneficial interest gives her the right to bring this action. General Statutes §52-572j states that "a derivative action may be brought by one or more shareholders . . . provided the shareholder . . . was a shareholder . . . at the time of the transaction of which he complained. . . ." This section was interpreted by our Supreme Court in Yanow v. Teal Industries, Inc., 178 Conn. 285-6 (1979), in which the Court stated that "to establish his CT Page 5118-VVV right to bring an action . . . the plaintiff was required to allege and prove that he had maintained his status as a shareholder in the corporation for whose benefit he purported to sue, from the time the alleged improper acts occurred, continuously and uninterruptedly until after the judgment in the case was rendered."
 II.
On May 12, 1995, March claims to have transferred her remaining 3,794 shares into the "street name" of "Cede Co." It is clear that, as of that date, the Bank's shareholder list no longer included March's name as a legal owner of any shares, because the record owner of these shares became Cede Co. As of this transaction, the Bank was no longer on notice of March's beneficial interest in the shares, and March no longer had legal ownership of the shares. Even if March retained a beneficial interest in these shares there appears to be no Connecticut authority as to whether she remains a "shareholder" under General Statutes § 52-572j because of such beneficial interest.
We consider the reasoning in a leading Delaware case to be persuasive. In Enstar Corp. v. Senouf, 535 A.2d 1351
(Del.Supr., 1987), the plaintiff brought an appraisal action against a corporation. The plaintiff held shares which were registered in a street name, Cede Co., and the plaintiff's demands for appraisal were not made by or on behalf of the actual holder of record, Cede Co. The issue faced by the Delaware Supreme Court was whether the word "stockholder" meant a holder of record or a beneficial owner. The court determined that, for appraisal purposes, the term "stockholder" could only mean the record owner.
Additionally, the Delaware court noted that "if an owner of stock chooses to register his shares in the name of a nominee, he takes the risks attendant upon such an arrangement . . . It has been held . . . that an unregistered stockholder may not dissent from a merger. . . ." id. 1355. The court further stated that a corporation "may rightfully look to the corporate books as the sole evidence of membership. " Id., 1356.
Under this reasoning a beneficial interest in stock is not sufficient to confer standing on this plaintiff to bring CT Page 5118-WWW this derivative complaint. Therefore this court lacks subject matter jurisdiction to adjudicate this action. In view of this conclusion, it is not necessary to address the other arguments made by the parties.
Defendants' Motion to Dismiss is Granted.
Wagner, J.